UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM DAVIDSON HAMBY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 16-2399-JDT-cgc |
| | ) | |
| DR. HERNANDEZ, et.al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON PENDING MOTIONS AND
SEVERING AND TRANSFERRING CERTAIN CLAIMS
PURSUANT TO PURSUANT TO 28 U.S.C. § 1406(a)

On May 6, 2016, Plaintiff William Davidson Hamby, Jr. ("Hamby"), an inmate who is currently incarcerated at the Morgan County Correctional Complex ("MCCX"), in Wartburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in the U.S. District Court for the District of Delaware. (ECF No. 1.) The original complaint concerns Hamby's previous incarcerations at the Deberry Special Needs Facility ("DSNF") in Nashville, Tennessee and the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee. On May 23, 2016, U.S. District Judge Richard G. Andrews transferred the case to this district. (ECF No. 4.) At some point, Hamby was transferred to the MCCX. After he filed the necessary financial documentation, this Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 14.)

## I. PENDING MOTIONS

In the original complaint, Hamby sued WTSP physician Dr. Benitez;[1] DSNF physician Dr. Molly O'Toole; WTSP Nurse Sanders; and Corizon Health, Inc. ("Corizon"). However, on June 3, 2016, Hamby filed a motion to amend to remove Defendants Sanders and Benitez from this action. (ECF No. 5.) That motion is GRANTED; therefore, Defendants Hernandez/Benitez and Sanders are dismissed from this action. The only claims left that may concern events occurring at the WTSP are against Corizon.[2]

On June 20, 2016, Hamby filed a "Motion to Cease & Desist" which concerned his property being held at the WTSP while he was temporarily at the Riverbend Maximum Security Institution. (ECF No. 9.) As Hamby is no longer at either of those institutions, the motion is DENIED as moot. On August 11, 2016, Hamby filed a motion asking the Court to waive "court fees." (ECF No. 21.) That motion is also DENIED. The filing fee in this case was assessed in installments pursuant to the statutory authorization of the PLRA, and the fact that Hamby is alleging his health and life are in danger is not a sufficient reason to waive that assessment.

Hamby filed a motion for summary judgment on September 6, 2016, with regard to Defendant O'Toole on the ground that she failed to answer the complaint. (ECF No.

---

[1] In the original complaint, Hamby named this Defendant as Dr. Hernandez. However, in a motion to amend filed May 20, 2016, he sought to clarify that the Defendant's correct name is Benitez. (ECF No. 3.) That motion is GRANTED, and the Clerk is directed to modify the docket to reflect that correction.

[2] It is unclear from Hamby's original complaint whether the claims against Corizon stem from events at the WTSP, the DSNF or both. (*See* ECF No. 1 at 2; ECF No. 5.)

26.) Similar motions for summary judgment alleging default were filed with regard to specific Defendants named in various amendments (ECF Nos. 39 & 51) and with regard to all Defendants (ECF No. 60). Those motions are DENIED. No Defendant is in default because it has not yet been ordered that any process should be served in this matter.

On September 15, 2016, Hamby filed a motion asking that the U.S. Marshal be directed to serve certain Defendants with a warrant for violation of a federal order directing Hamby's immediate transfer. (ECF No. 29.) That motion is DENIED because no such order for immediate transfer has been issued.

Hamby filed a motion for appointment of counsel on October 3, 2016. (ECF No. 34.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the

complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).

Hamby has not demonstrated that the Court should exercise its discretion to appoint counsel. Nothing in his motion serves to distinguish this case from the many other cases filed by *pro se* prisoners who are not trained attorneys and who have limited access to legal materials. Therefore, the motion for appointment of counsel is DENIED.

On October 5, 2016, Hamby filed a motion "for Constitutional Tort Against Defendant's Wages," part of which asks for garnishment of the Defendants' wages and bank accounts. (ECF No. 40.)[3] He filed a similar motion on October 5, 2016, seeking to freeze or seize the Defendants' bank accounts. (ECF No. 42.) To the extent these motions seek immediate garnishment or seizure of the Defendants' assets, they are DENIED as improper. Hamby has been awarded no judgment, monetary or otherwise, against any Defendant.

Hamby has also sought discovery in certain motions or portions of motions. (ECF Nos. 20, 52, 59.) As no Defendant has been served, discovery in this case is premature. Therefore, to the extent these motions seek discovery, they are DENIED.

---

[3] This motion also appears to seek amendment in order to assert a retaliation claim against certain Defendants.

4

Since his transfer to the MCCX, Hamby also has filed numerous motions concerning his treatment at that facility. Many of the motions seek to amend the complaint in order to add claims and/or additional Defendants or demand additional compensatory relief. (ECF Nos. 17, 20, 22, 24, 25, 32, 37, 40, 41, 45, 49 & 52.) Hamby also filed an amended complaint on August 15, 2016, adding a Defendant. (ECF No. 22.) To the extent the listed motions seek to add claims or demand additional relief against new identified Defendants, they are GRANTED. However, to the extent the motions seek to add claims against unknown individuals, they are DENIED.[4] Accordingly, the Clerk is directed to add the following persons as additional Defendants: Dr. Niner; Dr. Spall; MCCX Warden Shawn Phillips; Associate Warden Gary Hamby; Counselor Ms. Buchanan; IRC Bell; Counselor Crass (or Krass); Classification Coordinator Mahoney; TDOC Commissioner Tony Parker; Ms. Ridenour of Internal Affairs; Neysa Taylor; Dr. Marina Cadreche, TDOC Assistant Commissioner of Rehabilitative Services; Dr. Kenneth Williams, TDOC Medical Director; MCCX Health Administrator Ms. Lenndy; Head Nurse Jenner; Corporal Robinson; Correctional Officer Mason; Unit Manager Rathers; Warden of Treatment Jeff Nance; and Unit Manager Stanton.

Many other motions or portions of motions concerning Hamby's confinement at the MCCX seek various types of preliminary injunctive relief, including immediate and/or specific medical care, placement in protective custody, transfer or release, an order

---

[4] Service of process cannot be made on an unidentified party. Furthermore, the filing of a complaint against such a "John Doe" defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

directing the filing of criminal charges against specific Defendants, federal takeover of the MCCX medical department, etc. (ECF Nos. 13, 17, 18, 19, 23, 24, 28, 30, 35, 36, 38, 42, 44, 45, 46, 47, 49, 50, 53, 54, 56, 57, & 58.) However, the Court has considered the applicable factors for granting injunctive relief and finds that all of the motions for injunctive relief should be and are hereby DENIED.

Finally, Hamby's motions to ascertain the status of the case (ECF Nos. 48 & 57) are now DENIED as moot.

In summary, the following motions are GRANTED: Docket Entry Nos. 3, 5, 25, 32, and 41.

The following motions are DENIED: Docket Entry Nos. 9, 13, 18, 19, 21, 23, 24, 26, 28, 29, 30, 34, 35, 36, 37, 38, 39, 42, 44, 46, 47, 48, 50, 51, 53, 54, 56, 57, 58, 59 and 60.

The following motions are GRANTED to the extent Hamby seeks to amend the complaint but are DENIED in all other respects: Docket Entry Nos. 17, 20, 40, 45, 49 and 52.

## II. SEVERANCE AND TRANSFER OF CLAIMS

Twenty-eight U.S.C. § 1391(b) authorizes the commencement of a civil action only in a judicial district:

> (1) where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

With the exception of possible claims against Defendant Corizon arising out of Hamby's incarceration at the WTSP, *see supra* note 2, none of his current claims are connected to this district. The claims against Defendant O'Toole and possibly some claims against Defendant Corizon arise out of events occurring at the DSNF in Nashville, Tennessee. Those claims should have been brought in the U.S. District Court for the Middle District of Tennessee.

As indicated, most of Hamby's current claims arise out of conduct occurring at the MCCX and are brought against employees of that facility. Morgan County is part of the Northern Division of the Eastern District of Tennessee. 28 U.S.C. § 123(a)(1). Therefore, the claims arising out of Hamby's incarceration at the MCCX should have been brought in the U.S. District Court for the Eastern District of Tennessee.

Twenty-eight U.S.C. § 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Therefore, the claims against Defendant O'Toole and any possible claims against Defendant Corizon arising out of Hamby's incarceration at the DSNF are SEVERED and are hereby TRANSFERRED, pursuant to 28 U.S.C. § 1406(a), to the Nashville Division of the U.S. District Court for the Middle District of Tennessee.

In addition, all of the claims arising out of events occurring at the MCCX should have been brought in the Eastern District of Tennessee. Therefore, the claims concerning those events are also SEVERED and hereby TRANSFERRED, pursuant to 28 U.S.C. § 1406(a), to the Northern Division of the U.S. District Court for the Eastern District of

Tennessee, at Knoxville. This includes all claims against Defendants Niner, Spall, Phillips, Gary Hamby, Buchanan, Bell, Crass (Krass), Mahoney, Parker, Ridenour, Taylor, Cadreche, Williams, Lenndy, Jenner, Robinson, Mason, Rathers, Nance and Stanton.

The only claims remaining in this case, against Defendant Corizon for any issues arising at the WTSP, will be addressed in a separate order.

IT IS SO ORDERED.

s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE