IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM D. HAMBY, JR<br>Plaintiff, | )<br>)<br>) | |
| V. | )<br>) | Civil No. 3:17-cv-00629<br>Judge Trauger/Frensley |
| MOLLY O'TOOLE, et al.<br>Defendants. | )<br>) | |

## REPORT AND RECOMMENDATION

Pending before the court is the Plaintiff's Motion (Dual) to Notify Court of Change of Address/Motion to Add Suit to Class Certification. Docket No. 104. Specifically, he asks "to include suit #3:17-cv-00629, to class certification suit #3:16-cv-1954, to save court resources as issue of suits are same. thanks." *Id.* For the reasons stated herein, the undersigned recommends that Mr. Hamby be granted the relief requested and this action be dismissed to the extent that he is a member of the class defined by Chief Judge Crenshaw in *Charles Graham v. Russell L. Davis*, 3:16-cv-1954 (M. D. Tenn.)(Crenshaw, Chief Judge, Presiding).

Mr. Hamby is a prisoner in the Tennessee Department of Correction who suffers with Hepatitis C. (Docket No. 1) He brought this action and at least one other, *William D. Hamby Jr. v. Tony Parker, et al.*, 3:17-cv-1480, (Crenshaw, J.) asserting claims under the Eighth Amendment for deliberate indifference to serious medical needs based on treatment and medication for Hepatitis C. In the pending action before Chief Judge Crenshaw, the clerk was directed to provide Mr. Hamby with a copy of the docket sheet in the matter of in *Charles Graham v. Russell L. Davis*, as well as the Court's Order and Memorandum, granting the Plaintiffs' Motion for Class Certification and defining the class in that matter. *Hamby Jr. v. Tony*

*Parker, et al.*, 3:17-cv-1480, Docket No. 12. The purpose of providing the Order and Memorandum regarding the Motion for Class Certification was so that Mr. Hamby could determine whether he is already a member of the class defined by Chief Judge Crenshaw in Docket No. 33 of the *Graham* case. *Id.* Mr. Hamby was likewise advised that "even if the Plaintiff is a member of the *Graham* class, the Plaintiff may elect to opt out of the class and instead proceed on his own in this action."

In *Graham*, Chief Judge Crenshaw defined the class as follows:

> All persons currently incarcerated in any facility under the supervision or control of the Tennessee Department of Corrections or persons incarcerated in a public or privately owned facility for whom the Tennessee Department of Corrections has ultimate responsibility for their medical care and who have at least 90 days or more remaining to serve on their sentences and are either currently diagnosed with Hepatitis C infection or are determined to have Hepatitis C after a screening test has been administered by the Department of Corrections.

*Graham*, 3:16-cv-01954 (Docket No. 33).

Mr. Hamby has now filed the instant motion in this action indicating his desire to "include" this action in the *Graham* matter and asserts that the issues in the two cases "are the same." Docket No. 104.

Mr. Hamby has been previously provided with the Orders entered in the *Graham* case by Chief Judge Crenshaw identifying the class at issue in that case as well as advising Plaintiff of his ability to opt out of the class and proceed on his own if he chooses to do so. Having reviewed the Orders regarding the class certification in *Graham* as well as understanding his ability to opt out of the class, Mr. Hamby asserts in this matter he wishes to be a part of the class in *Graham* and that the issues he is asserting in this matter and those asserted in *Graham* are the same. Therefore, the undersigned recommends that the instant action be dismissed insofar as Mr. Hamby has requested that his claims be included in the *Graham* action and he is already a

member of the class defined by Chief Judge Crenshaw in that matter.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**U. S. District Magistrate Judge**