**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **WILLIAM D. HAMBY, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:17-cv-0629** |
| | ) | **Judge Aleta A. Trauger** |
| **MOLLY O'TOOLE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM and ORDER

The magistrate judge issued a Report and Recommendation ("R&R") (Doc. No. 105) on May 14, 2018, recommending that the defendant's Motion to Add Suit to Class Certification (Doc. No. 104) be granted and that "the instant action be dismissed insofar as Mr. Hamby has requested that his claims be included in" the class defined by Chief Judge Crenshaw in *Charles Graham v. Russell L. Davis*, 3:16-cv-1954 (M.D. Tenn.) (the "*Graham* class action").

Now before the court is defendant Molly O'Toole's Rule 72 Objection (Doc. No. 108) to the R&R, arguing that the magistrate judge erred in granting the motion and dismissing this case to be included in the related class action, instead of ruling on the merits of the defendant's Motion for Summary Judgment, which was filed one day after the R&R was entered and well within the dispositive motion deadline established by the Scheduling Order (Doc. No. 84) entered in this case. Defendant O'Toole argues that she would be prejudiced by having to defend this matter in a class action when the same should be disposed of on the merits through a Motion for Summary Judgment.

For the reasons set forth herein, the court finds the defendant's Objection to have merit.

The court will therefore reject the R&R and direct the plaintiff to respond to the Motion for Summary Judgment.

## I. Factual and Procedural Background

This case has a lengthy and tortuous history. Hamby filed his pro se Complaint in the United States District Court for the District of Delaware in May 2016. (Doc. No. 1.) At the time, Hamby was incarcerated at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, and his claims arose from allegations of deliberate indifference to his serious medical needs while he was incarcerated at WTSP and at the Lois M. DeBerry Special Needs Facility ("DSNF"), located in Nashville, in 2015 and 2016. On May 23, 2016, U.S. District Judge Richard G. Andrews transferred the case to the United States District Court for the Western District of Tennessee. (Doc. No. 4.) In July 2016, that court granted the plaintiff leave to proceed in forma pauperis and assessed the filing fee, but did not conduct a review of the Complaint or direct service of process on any of the defendants.

Hamby filed numerous letters and motions over the course of the next year. Finally, in March 2017, Judge James D. Todd of the Western District of Tennessee entered an Order addressing many of the pending motions, severing the claims against O'Toole "and any possible claims against Defendant Corizon" arising from Hamby's treatment as DSNF in 2015, and transferring those claims to this court. (Doc. No. 61, at 7.) Following transfer, this court referred the matter to the magistrate judge, who directed service of process. To facilitate service, the plaintiff was directed to return to the Clerk's Office a summons and USM-285 form for "each Defendant named in this action." (Doc. No. 79, at 1.) He returned forms only for Molly O'Toole, as a result of which the court concludes that Molly O'Toole is the only defendant against whom the plaintiff proceeds in this action. O'Toole was served and filed an Answer to the Complaint in

November 2017. (Doc. No. 82.) The magistrate judge entered a scheduling order on December 6, 2017, setting deadlines for conducting discovery and filing dispositive motions (Doc. No. 84), and this court entered an order setting trial for December 11, 2018 (Doc. No. 85).

Between December 2017 and May 2018, the plaintiff filed fifteen motions, the last of which, his Motion to Add Suit to Class Certification (Doc. No. 104) was filed on May 9, 2018.[1] The R&R recommending that the motion be granted and that the case be dismissed was entered on May 14, 2018, prior to the expiration of the defendant's deadline for responding to the motion. L.R. 7.01(b).

## II.     Standard of Review

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review de novo any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

## III.    Discussion

The basis for the defendant's Objection seems to be that she is entitled to resolution of the plaintiff's claims on the merits and that she should not be required to litigate the claims in the context of the *Graham* class action. She seeks dismissal with prejudice through the filing of her Motion for Summary Judgment.

It appears to the court that the plaintiff and the defendant both misapprehend the import of Judge Crenshaw's order certifying a class in *Graham*. The Class Action Complaint in that case seeks only prospective injunctive and declaratory relief requiring the defendant in that case

---

[1] The motion also notifies the court that Hamby has now been transferred to the Northwest Correctional Complex in Tiptonville, Tennessee. (Doc. No. 104.)

to adequately treat inmates with Hepatitis C and class certification under Rule 24(b)(1) and (b)(2) of the Federal Rules of Civil Procedure. Chief Judge Crenshaw granted the motion for class certification and defined the class as:

> All persons currently incarcerated in any facility under the supervision or control of the Tennessee Department of Corrections or persons incarcerated in a public or privately owned facility for whom the Tennessee Department of Corrections has ultimate responsibility for their medical care and who have at least 90 days or more remaining to serve on their sentences and are either currently diagnosed with Hepatitis C infection or are determined to have Hepatitis C after a screening test has been administered by the Department of Corrections.

*Graham v. Davis*, 3:16-cv-1954 (M.D. Tenn. May 4, 2017) (Doc. No. 33). Apparently because only injunctive and declaratory relief is sought, no provision has been made in *Graham* for members of the class to receive notice of the lawsuit, and there is no mechanism—or need—for any putative class member to opt out. Any person who falls within the parameters of the class definition will be a class member and will benefit in the event class-wide relief is granted. Further, it does not appear that inclusion within the class would have the effect of barring individuals from pursuing individual actions for damages for the past denial of necessary medical care. In other words, Hamby, who is apparently still incarcerated and who alleges that he suffers from Hepatitis C, among other ailments, apparently already is a class member, and his membership in that class has no bearing on his pursuit of the present lawsuit. Moreover, Hamby has no right to appear personally in the *Graham* class action, and it is procedurally impossible to "add" this suit to the class action.

If the current Complaint is construed as asserting claims for prospective injunctive relief against defendant O'Toole in her individual capacity based on Hamby's treatment at DSNF, such claims are moot, since the plaintiff no longer is incarcerated at DSNF. *Accord Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (finding the prisoner plaintiffs' requests for declaratory and

injunctive relief moot where claims were directed at a specific prison's policies). On the other hand, if the Complaint is construed as asserting claims for past damages in this suit, dismissal purely on the basis that Hamby is a class member in *Graham* would substantially prejudice the plaintiff, who apparently fails to understand that he cannot pursue individual claims against individual defendants—for damages or otherwise—in that case. For the same reason, dismissal of this case in order to allow him to be a class member in *Graham* would not directly prejudice the defendant, since the plaintiff cannot pursue his claims against O'Toole in her individual capacity in *Graham*. However, O'Toole would potentially be prejudiced by the dismissal to the extent that the dismissal would be without prejudice to the plaintiff's potential ability to refile. In sum, the dismissal would potentially be detrimental to the interests of both parties.

The court finds that dismissal of this lawsuit in order to allow Hamby to add this suit to the class action—which is procedurally impossible—is not warranted. The fact that the R&R was entered prior to the expiration of the deadline for the defendant to respond to the plaintiff's motion provides an additional basis for rejecting it.

## IV.    Conclusion and Order

For the above-stated reasons, the court **REJECTS** the R&R and **DENIES** the plaintiff's Motion to Add Suit to Class Certification (Doc. No. 104.)

The plaintiff is **DIRECTED** to respond to the defendant's Motion for Summary Judgment and Statement of Material and Undisputed Facts within **21 DAYS** of his receipt of this Order. This matter remains referred to the magistrate judge.

It is so **ORDERED**.

ENTER this 20th day of June 2018.

ALETA A. TRAUGER
United States District Judge