IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM D. HAMBY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-00629 |
| ) | Judge Trauger/Frensley |
| MOLLY O'TOOLE, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendant Molly O'Toole's Motion for Summary Judgment. Docket No. 106. Dr. O'Toole has also filed a supporting Memorandum of Law (Docket No. 107) and a Statement of Material and Undisputed Facts (Docket No. 107-1), along with the Declarations of Dr. O'Toole (Docket No. 107-3) and Jeffrey Scott King (Docket No. 107-4) and a copy of Mr. Hamby's Response to Defendants' Interrogatory No. 1 (Docket No. 107-2). The pro se Plaintiff, William Hamby, has filed a document entitled "Motion in Rebuttal/ (To Answer) Defendant's Summary Judgement (Motion)." Docket No. 110.

Mr. Hamby filed this action pursuant to 42 U.S.C. §1983, alleging that Corizon Health, Inc. ("Corizon") and its employees, including Dr. O'Toole, and other defendants violated his Eighth Amendment constitutional rights by being deliberately indifferent to his serious medical need by denying him medical care for his hepatitis-C infection, valley fever, high cholesterol, and neuropathic pain, and by not providing treatment for orthopedic and trauma injuries. Docket

No. 1. Mr. Hamby is suing Dr. O'Toole, a physician working at the DeBerry Special Needs Facility, in her individual capacity. *Id.* at 2.

Dr. O'Toole argues that Mr. Hamby's allegations relate only to his physical health and conditions, and that "Dr. Molly O'Toole, who is employed by Corizon, only provides mental health services and treatment . . . Corizon and its employee Dr. O'Toole were not involved with the Plaintiff's physical health services at the DeBerry Special Needs Facility or any prison in Tennessee after September 8, 2013. Docket No. 107, p. 1-2.

The document that Mr. Hamby filed, "Motion in Rebuttal/ (To Answer) Defendant's Summary Judgement (Motion)," states, in total:

> I, William Hamby, comes the plaintiff, By and through Pro Se, motions to answer defendants [*sic*] "summary Judgement" motion: FACT, since O'toole [*sic*] <u>is</u> an "M.D." and since she hides medical records, case must proceed.

Docket No. 110.

For the reasons set forth below, the undersigned recommends that Dr. O'Toole's Motion for Summary Judgment be GRANTED.

## II. <u>Undisputed Facts</u> [1]

Dr. Molly O'Toole and Corizon were not involved with any inmate's physical health services at the DeBerry Special Needs facility in Nashville, Tennessee or any other facility in Tennessee after September 8, 2013. Docket No. 107-4, p. 1. Mr. Hamby's claims as reflected in his Complaint arise out of treatment that occurred on or around July 4, 2015. Docket No. 107-2, p. 4.

---

[1] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

## III. Law and Analysis

### A. Motions for Summary Judgment

Under Fed. R. Civ. P. 56(a), summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party bringing the motion has the burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute of material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the nonmoving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.* A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986).

In deciding a motion for summary judgment, the Court must review all the evidence, facts, and inferences in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986); *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Liberty Lobby*, 477 U.S. at 249. The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to allow the nonmoving party's claims to survive summary judgment; rather, the nonmoving party must convince the Court that there is sufficient evidence for a juror to return a verdict in its favor. *Id.*

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937 (2009) (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Further, "a Court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011). *See also Payne v. Sec'y of Treas.*, 73 F.App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her."

**B. Local Rules 56.01(c) and (g)**

Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record . . . .
>
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Mr. Hamby has failed to respond to Defendants' Statement of Material and Undisputed Facts or to file his own Statement of Undisputed Facts. Pursuant to Local Rule 56.01(g), Mr. Hamby's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact, and all

that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

**C. 42 U.S.C. §1983**

**1. Generally**

Mr. Hamby alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. §1983. Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981) (overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S. Ct. 662 (1986)); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S. Ct. 1729, 1733 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, *quoting United States v. Classic*, 313 U.S. 299, 326, 61 S. Ct. 1031, 1043 (1941).

**2. Eighth Amendment**

**a. Generally**

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994).

### b. Deliberate Indifference to Serious Medical Needs

The State has a constitutional obligation, under the Eighth Amendment, to provide adequate medical care to those whom it has incarcerated. *Estelle*, 429 U.S. at 104.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104. This is true "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05.

Not every prisoner's allegation of inadequate medical treatment is a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. For instance, courts have held that the accidental, inadvertent, or negligent failure to provide adequate medical care does not state such a claim. *Id.* at 105-06 (citations omitted).

Pursuant to Supreme Court precedent, the Sixth Circuit held, in *Hunt v. Reynolds*, that Eighth Amendment deliberate indifference claims must contain both an objective component, "that [plaintiff's] medical needs were sufficiently serious," and a subjective component, "that the defendant state officials were deliberately indifferent to the plaintiff's needs." 974 F.2d 734, 735 (6th Cir. 1992) (citations omitted).

In order to satisfy the objective requirement, the Supreme Court requires that an inmate demonstrate evidence of a current harm or evidence of a medical complaint or condition of confinement that "is sure or very likely to cause serious illness and needless suffering." *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2480 (1993). Under the Eighth Amendment, inmate plaintiffs must allege, at the very least, unnecessary pain or suffering resulting from prison officials' deliberate indifference. *Id.* (prisoner alleging that he suffered pain and mental anguish from delay in medical care states a valid Eighth Amendment claim).

As for the subjective element, the Sixth Circuit has held that "a determination of deliberate indifference does not require proof of intent to harm." *Weeks v. Chaboudy*, 984 F. 2d 185, 187 (6th Cir. 1993). However, there must be a showing of deliberate indifference to an inmate's serious medical needs. *Molton v. City of Cleveland*, 839 F. 2d 240, 243 (6th Cir. 1988), citing *Westlake v. Lucas*, 537 F. 2d 857, 860 n. 3 (6th Cir. 1976). In fact, "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court*, 22 F. 3d 653, 660 (6th Cir. 1994) (citations omitted). Therefore, the appropriate inquiry is "[w]as this individual prison official aware of the risk to the inmate's health and deliberately indifference to it?" *Thaddeus-X v. Blatter*, 175 F. 3d 378, 402, *citing* Farmer, 511 U.S. at 837, 844.

### 3. Individual Capacity Claims

42 U.S.C. § 1983 does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 454 (1981). *See also Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978); *Street v. Corrections Corp. of Am.*, 102 F. 3d 810, 818 (6th Cir. 1996).

In order for a defendant to be held liable in his individual capacity, a plaintiff must demonstrate that the defendant personally condoned, encouraged, or participated in the conduct that allegedly violated his rights. *Birrell v. Brown*, 867 F. 2d 956, 959 (6th Cir. 1989) (citations omitted). *See also Bellamy v. Bradley*, 729 F. 2d 416, 421 (6th Cir. 1984), *citing Hays v. Jefferson County*, 668 F. 2d 869, 872-74 (6th Cir. 1982) (a supervisor must have "at least implicitly authorized, approved or knowingly acquiesced in" the misconduct.) Conclusory allegations are not enough. *See Street*, 886 F. 2d at 1479; *see also Anderson*, 477 U.S. at 257; *Nix v. O'Malley*, 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 3188 (1990); *McDonald v. Union Camp Corp.*, 898 F. 2d 1155, 1162 (6th Cir. 1990). A plaintiff must establish a "causal connection between the misconduct complained of and the official sued." *Dunn v. State of Tennessee*, 697 F. 2d 121, 128 (6th Cir. 1982).

### D. Analysis of the Case at Bar

It is undisputed that Mr. Hamby's claims arise out of treatment that occurred on or around July 4, 2015. Docket No. 107-1, p. 1. Mr. Hamby's claims relate exclusively to alleged non-treatment of physical conditions while he was an inmate at the DeBerry Special Needs Facility: hepatitis-C infection, valley fever, high cholesterol, neuropathic pain, and orthopedic and trauma injuries. Docket No. 1. It is undisputed that Dr. O'Toole was not involved with any

inmate's physical health services at the DeBerry Special Needs Facility (or any other facility in Tennessee) after September 8, 2013. Docket No. 107-1, p. 1. Dr. O'Toole has provided a sworn Declaration in which she declares that she is employed only as a provider of mental health services to inmates. Docket No. 107-3. Jeffrey Scott King, an employee of Corizon, has provided a sworn Declaration declaring that Corizon ceased providing medical services to inmates at the DeBerry Special Needs Facility (among others) as of September 8, 2013, and now provides only mental health services at Tennessee facilities. Docket No. 107-4. He further states that "Corizon and Dr. Molly O'Toole had no involvement in the Plaintiff's care and treatment." *Id.* Given this evidence and undisputed facts, Mr. Hamby has not demonstrated that Dr. O'Toole personally condoned, encouraged, or participated in the conduct that allegedly violated his rights. *See Birrell*, 867 F. 2d at 959. Instead, the evidence and undisputed facts indicate that Dr. O'Toole is a mental health care provider, working for an employer (Corizon) that ceased providing physical health care to inmates in Tennessee after September 2013, well before Mr. Hamby's rights were allegedly violated at the DeBerry Special Needs Facility. Accordingly, Mr. Hamby cannot sustain his individual capacity claims against Dr. O'Toole, and she is entitled to a judgment as a matter of law.

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Dr. O'Toole's Motion for Summary Judgment (Docket No. 106) be GRANTED and that Mr. Hamby's claims against her be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have

fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

JEFFERY S. FRENSLEY
United States Magistrate Judge